**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mulindwa TRAYLOR, a/k/a "Baby-case" and "Baby Blue Devil",**
**Defendant–Appellant.**

**No. 06–50640.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 22, 2008.*

Filed April 29, 2008.

Michael J. Raphael, Esq., Sarah J. Heidel, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Mulindwa Traylor appeals from the 46–month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The probation office calculated an advisory Guidelines range of 57–71 months. The district court concluded that Traylor's criminal history category was overstated by one level and, accordingly, adjusted the range to 46–57 months. Nevertheless, Traylor contends that the district court abused its discretion by neglecting to conduct a reasonable and individualized consideration of the sentencing factors in 18 U.S.C. § 3553(a) prior to imposing sentence. Traylor argues that the Guidelines range did not take into consideration the mitigating factors he presented at sentencing. Traylor's contention fails as the record reflects that the district court noted its obligation to impose a sentence in light of the § 3553(a) factors, and concluded that the factors, including Traylor's arguments in mitigation, were adequately captured by the advisory Guidelines. The district court did not procedurally err, and the sentence imposed is not substantively unreasonable. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007).

Traylor's remaining contention, that the district court improperly delegated to the probation officer the decision regarding whether, and how much, he should pay for the cost of post-custodial treatment, is foreclosed by *United States v. Soltero,* 506 F.3d 718, 723 (9th Cir.2007).

Traylor's request for further briefing is denied.

**AFFIRMED.**